BARKETT, Circuit Judge,
dissenting:
I dissent believing it to be error for the district court to refuse to hear an Eighth Amendment challenge to Alabama’s lethal injection protocol simply because the § 1983 petitioner failed to file his claim as soon as the Alabama legislature changed Alabama’s method of execution to lethal injection. See also Williams v. Allen, 496 F.3d 1210, 1215 (11th Cir.2007) (Barkett, J., dissenting).
First, it is wholly unreasonable to expect an inmate to have predicted scientific data — only recently available — that suggests that inadequacies in the three-drug protocol inflict “cruel and unusual punishment” as proscribed by the Eighth Amendment. See id. Assuming arguendo that the three-drug protocol does violate the Eighth Amendment, and that the scientific evidence that showed this did not come into existence until some time after Alabama adopted the protocol, the practical effect of our law in this area is to knowingly permit the unconstitutional execution of several inmates, simply because the inmates had the misfortune of being sentenced to death before the scientific data revealing the constitutional infirmity of such executions could have been known. This is patently unacceptable. Indeed, the Constitution forbids the infliction of “cruel and unusual punishment” at the time of its imposition, regardless of the circumstances at the time the death penalty sentence was imposed.
Second, I continue to find untenable the suggestion that the petitioner “should have anticipated the denial of all relief and filed this case prior to the determination of his pending case.” See id. (emphasis in original). Indeed, even the State of Alabama itself is not so bold and therefore will not set an execution date until after the United States Supreme Court denies certiorari review of an inmate’s federal habeas petition. See Jones v. Allen, 485 F.3d 635, 639 n. 2 (11th Cir.2007).
For these reasons, I dissent.